UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-01350-VBF-SK                               Date: November 3, 2025

Title        Joseph Liang v. Judicial Council of California

Present:  The Honorable:  Steve Kim, United States Magistrate Judge

|                Connie Chung                 |                    n/a                     |
| :------------------------------------------: | :----------------------------------------: |
|                 Deputy Clerk                 |          Court Reporter / Recorder         |

|       Attorneys Present for Plaintiff:       |     Attorneys Present for Defendants:      |
| :------------------------------------------: | :----------------------------------------: |
|                 None present                 |                None present                |

**Proceedings:**        (IN CHAMBERS) **ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION [ECF 13] AND CLOSING CASE**

Plaintiff Joseph Liang, proceeding pro se, seeks to bring a civil rights action against the Judicial Council of California (JCC) under 42 U.S.C. § 1983 and California law, alleging that procedural errors in a state court property dispute violated his due process rights. (ECF 1 at 1–10). Plaintiff previously applied to proceed in forma pauperis (IFP), but the Court denied those applications. (ECF 3, 8, 9, 10). Instead of paying the filing fee, however, Plaintiff filed a "Motion for Reconsideration of Fee Waiver Denial and Request for Elaboration" (ECF 11), which the Court construed as a Rule 59(e) motion to alter or amend judgment and, so construed, denied because it presented no valid basis for reconsideration. (ECF 12 at 1–3). *See* Fed. R. Civ. P. 59(e)

Plaintiff again moves for reconsideration of the Court's August 25, 2025 order denying IFP status. (ECF 13). This time, he includes some additional financial details, claiming that he earns $1,226 per month and is responsible for $5,000 in annual property taxes. (*Id.* at 3). But Plaintiff's monthly income was already disclosed in his original IFP application. (*See, e.g.*, ECF 3 at 1; ECF 8 at 2). And the amount Plaintiff may pay in property taxes doesn't change the Court's prior finding that Plaintiff still has the demonstrated ability to pay the $405 civil filing fee. In any event, Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Plaintiff hasn't met his burden to invoke that extraordinary remedy, nor has he provided any convincing reason for reconsideration—a second time, no less. *See 389*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-01350-VBF-SK                          Date: November 3, 2025

Title      Joseph Liang v. Judicial Council of California

*Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); L.R. 7-18. Accordingly, his renewed request for reconsideration must be denied.

But even if Plaintiff qualified for IFP status, the complaint would be dismissed anyway because it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). The JCC is an arm of the State and therefore entitled to Eleventh Amendment immunity against § 1983 suits. *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Will v. Mich. Dep't State Police*, 491 U.S. 58, 70 (1989); *see also Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (California has not waived Eleventh Amendment immunity for claims under § 1983).

For all these reasons, Plaintiff's second motion for reconsideration of the Court's orders denying his IFP application is DENIED WITH PREJUDICE for the same reasons his first motion was denied. No further requests for reconsideration of those IFP denials will be entertained, and the Clerk of Court is instructed to automatically strike any such requests with no need for further court order. Furthermore, because the named defendant is immune from suit for monetary damages, even a paid complaint would be dismissed without leave to amend. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). This action is therefore ordered dismissed without prejudice and the Clerk is ordered to close the case forthwith.

IT IS SO ORDERED.