UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    8:25-cv-01350-VBF (SK)                    Date: May 31, 2026
Title        Joseph Liang v. Judicial Council of California

Present: The Honorable: Valerie Baker Fairbank, United States District Judge

| Kevin Reddick | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**        (IN CHAMBERS) **ORDER DENYING PLAINTIFF'S SECOND MOTION TO ALTER OR AMEND JUDGMENT AND REINSTATING FINAL JUDGMENT**

Plaintiff Joseph Liang asked to proceed without payment of the federal civil filing fee on a putative 42 U.S.C. § 1983 complaint against the Judicial Council of California for allegedly violating his due process rights in an adverse California state court decision over a property dispute. (Dkt Nos. 1, 3, 8). On August 25, 2025, this court denied plaintiff's application to proceed in forma pauperis (IFP), finding that he had the ability to pay and entered judgment dismissing this action. (Dkt No. 10). Plaintiff sought reconsideration of that denial, which this court denied on September 26, 2025 because he had still not shown adequate indigency to justify a filing-fee waiver. (Dkt No. 12). But plaintiff moved for reconsideration yet again—making it the third time that plaintiff sought to proceed IFP without demonstrating indigency to this court's satisfaction. (Dkt No. 13). So, on November 3, 2025, the magistrate judge assigned to this case denied plaintiff's second motion for reconsideration, which kept the case closed according to this court's earlier judgment of dismissal. (Dkt No. 14).

Plaintiff then appealed to the Ninth Circuit. (Dkt No. 15). On May 28, 2026, after noting that the unserved defendant—the Judicial Council of California—had technically not consented under 28 U.S.C. § 636(c), the Ninth Circuit vacated the magistrate judge's November 3, 2025 order and remanded to this court for further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-01350-VBF (SK)                    Date: May 31, 2026

Title      Joseph Liang v. Judicial Council of California

proceedings.  (Dkt No. 24).  But this court can at any time construe a "magistrate judge's 'order' as proposed findings and recommendations."  *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1071 (9th Cir. 2004); *see Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009).  So construed and then reviewed de novo, the November 3, 2025 order denying plaintiff's second motion for reconsideration of this court's original order denying plaintiff's first motion to alter or amend judgment was correct in reasoning and outcome.  Therefore, this court—having performed its de novo review—restates and adopts the findings and conclusions in the November 3, 2025 order as its own.

In addition, as correctly explained in that order, plaintiff seeks monetary damages from the Judicial Council of California.  (ECF 19 at 7-8).  But that entity is immune from damages under the Eleventh Amendment as an arm and instrumentality of the state of California.[1]  *See*, *e.g.*, *Torres v. Judicial Council of Cal.*, 2017 WL 1281914, at *3 (S.D. Cal. Apr. 6, 2017); *see also Will v. Mich. Dep't State Police*, 491 U.S. 58, 70 (1989); *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999).  For this independent reason, which the court now makes its own, the IFP application can be denied—independent of plaintiff's financial circumstances—and the complaint here dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, and seeks damages from an immune defendant.  *See* 28 U.S.C. § 1915(e)(2).

Finally, for avoidance of any doubt, the court further finds that plaintiff's identical complaint and IFP application that he re-filed on November 18, 2025 (Dkt Nos. 19, 21)—while his appeal was then pending—was reasonably construed as a third constructive motion for reconsideration of this court's original order denying plaintiff's

---

[1] While the *Ex Parte Young* doctrine provides a narrow exception to Eleventh Amendment immunity that permits federal courts to grant prospective relief, individual agents of the state must be named in their official capacity.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).  There are none so named here.  But even if there were, this exception can apply only when the complaint alleges an ongoing violation of federal law and genuinely seeks relief properly characterized as prospective.  *See Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635 (2002).  If the alleged relief is based on a completed, past violation, as it is here, the Eleventh Amendment would bar the claim against any named state official just as it would bar a damages claim against the state itself.  *See Green v. Mansour*, 474 U.S. 64 (1985).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-01350-VBF (SK)                    Date: May 31, 2026

Title        Joseph Liang v. Judicial Council of California

request for a filing-fee waiver and entering judgment of dismissal.  Thus, the magistrate judge's December 9, 2025 order denying that successive motion is construed as a report and recommendation and, so construed, the recommendation is adopted in full based on this court's de novo review.  (Dkt No. 23).  Besides, as explained above, even if plaintiff were eligible for a filing-fee waiver, his complaint against the Judicial Council of California is still frivolous or malicious, fails to state a claim on which relief may be granted, and seeks damages from an immune defendant.

* * *

For all these reasons, final judgment dismissing this action is reinstated and entered as of the date of this order.  No further filings are permitted in this case, so the Clerk of the Court is instructed to strike any post-judgment filings with no need for further court order.

IT IS SO ORDERED.